Davis, J.
The right to^ take depositions should be carefully distinguished from the right to use them. The one depends upon the competency of the evidence, or upon the existence of one or more of the cases mentioned in Sec. 5265 of the Revised Statutes; the other is a precautionary privilege granted by Sec. 5266 of the Revised Statutes. . The statutes provide that the testimony of witnesses may be taken by deposition (Revised Statutes, See. 5261), and presumably this applies to all witnesses) whether parties to the action or not, subject, however, to the limitation that a party may be examined as if under cross-examination, at the instance of the adverse party. (Revised Statutes, Sec. 5243.) An adverse party is, therefore, not exempt from testifying in a deposition; but whether the deposition of such witness, or of any other witness may be used or not must depend upon the judgment of the court when the deposition is offered as evidence. Whether or not the substance of the deposition is incompetent, is* to be left to the subsequent determination of the court; as is also the question whether a command to produce books, papers or other thing under the control of the witness relates to such books, writings or other thing as he may be compelled to pro *136 <luce. If the witness assumes to decide these questions for himself at the time, unless the interrogatory involves a question of privilege, he must do so at his peril. If he should be right in his decision he would lose nothing; if wrong, he must suffer the consequences. Whether or not the provisions of the statutes afford opportunity for obtaining undue advantáge over, and of oppressing, an adverse party, is a legislative and not a judicial question. We cannot consider that question with propriety. But whether or not some wrong has been done, or is being done, under cover of legal process is, as we have said, ultimately for the decision of the courts.
Under the Revised Statutes, Secs. 5269 and 5271, a notary public is authorized to take depositions within this state, provided that he be not a relative or attorney of either party, or otherwise interested in the event of the action or proceeding.
In providing the means for securing the attendance of witnesses the statute requires the issuing of a subpoena under seal of the court, and that “the subpoena shall be directed to a person therein named, requiring him to attend at a particular time and place, to testify as a witnes; and it may contain a clause directing the witness to bring with him any book, writing or other thing under his control, which he may be»compelled to produce as evidence.” Sec. 5247.
In the same connection it is provided that “When the attendance of a witness before an officer authorised to talce depositions is required, the subpoena shall be issued by such officer.” Section 5248. What subpoena? Obviously the subpoena described in the preceding section. It is apparent, therefore, that a notary public is authorized to issue a subpoena duces tecum; and a refusal by the witness to obey such a *137 subpoena would be a contempt of legal process. It follows from wbat has been said that all of these plaintiffs were guilty of disobedience of lawful authority exercised by the notary public. Did he have- power to compel obedience to the subpoenas issued by him and to punish the witnesses for refusing to obey the subpoenas or for refusing to testify? By Sec. 1Í9 of the Revised Statutes it is provided that “in taking depositions he shall have the same power to compel the attendance of witnesses and to punish them for refusing to testify which is by law vested in justices of the peace.” Revised Statutes, Secs. 6541 and 6542, contain the following provisions: “Whenever it shall appear to the satisfaction of a justice, by proof made before him, that any person has been duly served with a subpoena to appear and give testimony before him in any matter in which he has authority to require such witness to appear and testify, that his testimony is material; and that he refuses or neglects to attend as such witness in conformity with such-subpoena, the justice shall issue a warrant to arrest the delinquent for the purpose of compelling his attendance and punishing his disobedience,” and “when a person arrested is brought before the justice, or when a person in attendance .refuses to testify as a witness, and no valid excúse be shown, the justice may impose a fine on him,” etc.
It has been decided by this court, however, that the powers of a notary public to punish for contempt by a witness' are not limited to these sections, and that the powers conferred by Revised Statutes, Secs. 5252 and 5254 upon “an officer” taking depositions extend to a notary public, DeCamp v. Archibald, 50 Ohio St., 618, and it does not appear that any of the questions propounded to the witnesses were incompetent, *138 nor that the books and papers which the witnesses were required to produce were such as they could not be compelled to produce. We, therefore, find no error in the judgments of the circuit court, and they are accordingly affirmed.
Minshall, C. J., and Williams, Burket, Spear and Shauck, JJ., concur.